# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Joe Feazell )
         Plaintiff )
)
Wexford Health Sources, Inc., )
and Doctor Tilden )
_____ )
_____ )
_____ )
_____ )
_____ )
         Defendant(s) )

*(The case number will be assigned by the clerk)*

SCANNED at PCC and E-Mailed
10/23/19 (date) by HZ (initials)
19 (# of pages)

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

---

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

### I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Joe Feazell

Prison Identification Number: B17481

Current address: P.O. Box 99
Pontiac, IL 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Wexford Health Sources, Inc.

Current Job Title: Health Provider

Current Work Address: 425 Holiday Drive
Pittsburgh, PA 15220

Defendant #2:

Full Name: Tilden

Current Job Title: Doctor

Current Work Address: 700 W. Lincoln St.
Pontiac, IL 61764

Defendant #3:

Full Name: _____

Current Job Title: _____

2

Current Work Address _____

_____

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number _____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Pontiac Correctional Center

4

Date(s) of the occurrence 2015 through 2019 (July)

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

1. In 2014 plaintiff was arrested and placed in Cook County Jail. During plaintiff's incarceration in the Cook County Jail, plaintiff was being treated and seen for hemorrhoids. Medical staff there determined surgery was necessary. After plaintiff was convicted and sentence, plaintiff was taken to the John Strokzer hospital for surgery. However, because no medical hold was placed on plaintiff, officers came to the hospital and took plaintiff back to the Cook County Jail for transfer to the Department of Corrections, before plaintiff received surgery.

2. On 8-13-15, plaintiff was transferred to N.R.C. at Stateville Correctional Center. Plaintiff remained there until transfer to Central I.C.C

3. On 9-15-15 plaintiff arrived at the Robinson Correctional Center. Plaintiff immediately informed medical personnel of his hemorrhoid problems.

4. Two weeks later, plaintiff was seen by a Doctor named Osmundson. He informed me that he had to treat me according to protocol, and it would start with creams and medication.

5

5. On 11-11-15 Plaintiff was seen at sick call because of problems with his hemorrhoids. I filed a grievance regarding my medical treatment. Health Care Unit Administrator (Phil Martin) answered the grievance by telling plaintiff he was being treated according to approved protocal treatment.

6. Wexford being fully apprised of plaintiff's being scheduled for surgery prior to entering the Department of Corrections, denied that recommended surgery and chose to implement its own protocal standard of treatment. Plaintiff's medical files was forwarded to the Department of Corrections with plaintiff.

7. Plaintiff at some point was transferred to the Pontiac Correctional Center. At Pontiac, plaintiff was still being ministered the prescribed protocal treatment for hemorrhoids mandated by Wexford's guidelines, creams, pain medication, fiber supplementation and stool softeners. Plaintiff's hemorrhoids worsned to the point breathing became difficult and plaintiff's hemorrhoids were bleeding often, swollen and very painful. Plaintiff would awake and find himself bleeding from his hemorrhoids.

8. In December of 2018, plaintiff went to see Dr. Tilden about his hemorrhoids problem and the bleeding (one of many such visits) and his difficulties in breathing. Dr. Tilden

6

prescribed plaintiff some iron pills.

9. On December 19, 2018, plaintiff went to see his psychiatrist. Plaintiff's psychiatrist told plaintiff something was wrong with him based on the blood work results. Plaintiff informed her that he had just seen Dr. Tilden a few days earlier and he ordered him some iron pills. She asked plaintiff if he was having problems breathing. I told her yes. She said she would contact Dr. Tilden and make an appointment for me to see him again.

10. On December 27 or 28 of 2018, plaintiff was called to the Health Care Unit (HCU) to see Dr. Tilden, because of the appointment plaintiff's psychiatrist made for him to see Dr. Tilden. When I seen Dr. Tilden he did my blood work again. Because there was no lab person at the (HCU) at that time, he sent it out to be looked at. The outside hospital contacted Dr. Tilden and told him I needed an immediate blood transfusion or I could die, because my blood count was so low. I was taken to the outside hospital and kept

See attached pages

**RELIEF REQUESTED**

(State what relief you want from the court.)

7

there a few days and given a blood transfusion. The inflamation of my hemorrhoids was causing the lack of oxygen problem. I was in great pain and my hemorrhoids were bleeding.

11. On April 2, 2019, plaintiff hemorrhoids started to bleed real bad, blood was coming out in clots. The gallery officer sent me downstairs to see Nurse Sheri. I told her what was going on. She told me she was not going to send me to the Health Care Unit because they already had 33 people for urgent care. She said she would call Dr. Tilden. At about 10:00 a.m. an officer came and got me and said Dr. Tilden wanted me to come over to the Health Care Unit for urgent care. I got to the Health Care Unit about 10:30 a.m. that day, and stayed there until 2:40 p.m. and was not seen by Dr. Tilden or anybody else.

-9-

12. Finally, in July of 2019, plaintiff was given hemorrhoid surgery, four years after plaintiff had been initially scheduled for hemorrhoid surgery by medical staff at the John Strokzer hospital, while plaintiff was at the Cook County Jail.

13. Wexford Health Sources, Inc., is being sued in their official capacity, for denying plaintiff hemorrhoid surgery after it had already been approved by medical staff at John Strokzer hospital and implemented its own protocal of medical treatment, which only caused plaintiff great pain and suffering for four years, why they provided plaintiff with creams, pain medication, fiber supplementation and stool softeners. All these protocal treatments were ineffective. Wexford Health Sources, Inc., acted deliberately indifferent to plaintiff's serious medical needs.

—10—

14. Doctor Tilden is being sued in his individual capacity, for acting deliberately indifferent towards plaintiff's serious medical needs. Dr. Tilden delayed and denied plaintiff adequate medical treatment. Plaintiff hemorrhoids bled repeatedly but Dr. Tilden still did not order or request surgery for plaintiff until plaintiff almost died. And still Dr. Tilden continued giving plaintiff useless protocal medical treatment of creams, pain medication, fiber supplementation and stool softeners. Dr. Tilden almost let plaintiff died by not paying attend to plaintiff's blood work results, if it had not been for plaintiff's psychiatrist noticing the problem, plaintiff would have died. Even, after the blood transfusion, Dr. Tilden continued giving plaintiff ineffective medical protocal treatment. Plaintiff suffered great pain because Dr. Tilden failed to provide adequate medical treatment.

-11-

1,000,000 in compensatory damages from each named Defendant and 1,000,000 in punitive damages from each named Defendant

JURY DEMAND     Yes ☒   No ☐

X Signed this __10__ day of __11__, 20_19_.

x _Joe Feazell_
(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| x Joe Feazell | B17481 |
| Address: | Telephone Number: |
| P.O. Box 99 Pontiac, IL 61764 | None |

8