## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE FEAZELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 19-cv-1340-SEM-TSH |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.* | ) |
| | ) |
| Defendants. | ) |

### **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants, WEXFORD HEALTH SOURCES, INC. and DR. ANDREW TILDEN, through their attorneys, BROWN, HAY & STEPHENS, LLP, for their Response in Opposition to Plaintiff's Motion for Sanctions, state as follows:

1. On March 23, 2020, the Court entered a Scheduling Order which, in relevant part, directed Plaintiff to complete and return authorizations to release medical records which are relevant to Plaintiff's claims or Defendants' defenses. ECF No. 14, p. 4, ¶ 7.

2. On May 18, 2020, Defendants subpoenaed Plaintiff's medical records from the University of Illinois Hospital System (hereinafter "UIC"). Ex. 1, pp. 3–9.[1]

3. On May 23, 2020, UIC responded to Defendants' subpoena, stating that it would need a "HIPAA authorization completed by the [Plaintiff] authorizing all components" of his medical records before it would release his records to Defendants. Ex. 1, p. 11.

4. On June 3, 2020, Plaintiff was sent an authorization from UIC along with a letter requesting that Plaintiff complete the authorization and return it to counsel, as he required to do

---

[1] A true and correct copy of Defendant's subpoena, along with the University of Illinois Hospital System's response, is attached hereto and incorporated herein as Exhibit 1.

under the Court's scheduling order. A true and correct copy of this correspondence is attached hereto and incorporated herein as Exhibit 2.

5. Plaintiff's authorization was returned prior to June 11, 2020. A true and correct copy of this returned authorization is attached hereto and incorporated herein as Exhibit 3.

6. On June 11, 2020, Plaintiff's authorization was forwarded, under cover letter, to UIC. A true and correct copy of this correspondence is attached hereto and incorporated herein as Exhibit 4.

7. On June 22, 2020, UIC responded to Defendants' June 11, 2020 letter, stating that Defendants' subpoena could not be complied with because the Plaintiff did not "complete the bottom section of the authorization to release restricted information." A true and correct copy of this response is attached hereto and incorporated herein as Exhibit 5.

8. On June 24, 2020, counsel wrote Plaintiff, sending the UIC authorization along with a request that he complete the required sections so that UIC would release Plaintiff's medical records to Defendants. A true and correct copy of this letter is attached hereto and incorporated herein as Exhibit 6.

9. Plaintiff never returned the completed UIC authorization.

10. On August 3, 2020, Counsel wrote Plaintiff again, demanding that the authorization which was sent to Plaintiff on June 24, 2020 be completed and returned. ECF No. 44, p. 6.

11. Rather than comply, Plaintiff filed a motion for sanctions, asserting that counsel has "done everything to frustrate and delay giving Plaintiff the basic things in discovery[,]" and requesting that Defendants be sanctioned by "shorten[ing] the time for discovery" and an order that counsel "comply with those basic discovery requests." ECF No. 44, pp. 4, 5.

12.     As is apparent from the correspondence in this response, the only litigant "playing games" with the discovery process is the Plaintiff.  Rather than comply with the Court's instruction to complete the authorizations as required, Plaintiff elects to file frivolous motions for sanctions which misrepresent the correspondence between Plaintiff and counsel in an attempt to hoodwink the Court.

13.     In his motion for sanctions, Plaintiff asserts that the documents "speak for themselves." ECF No. 44, p. 4.  In this respect only, Plaintiff is correct.  The documents do speak for themselves, and the documents demonstrate that Plaintiff has misrepresented the sequence of events to the Court, and Plaintiffs misrepresentations are structured so as to avoid discussing his disregard for the Court's order.

**WHEREFORE**, for the foregoing reasons, Plaintiff's Motion for Sanctions should be denied, Plaintiff should be ordered to complete the authorization for UIC, and Defendants should be granted such other and further relief as this Court deems just.

Respectfully submitted,<br>
**Wexford Health Sources, Inc., and Dr. Andrew Tilden, Defendants**

Dated: August 18, 2020          By:     ____/s/Anthony D. Schuering____
                                **BROWN, HAY & STEPHENS, LLP**
                                Andrew M. Ramage, ARDC #6256554
                                Anthony D. Schuering, ARDC# 6333319
                                Brown, Hay & Stephens, LLP
                                205 South Fifth Street, Suite 1000
                                P.O. Box 2459
                                Springfield, IL  62705-2459
                                Telephone: (217) 544-8491
                                Facsimile: (217) 544-9609
                                aramage@bhslaw.com
                                aschuering@bhslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2020 I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

**NONE.**

I further certify that on the same date, I caused the foregoing document to be mailed to the following non-registered participants via United States Postal Service:

*Legal Mail*
**JOE FEAZELL (#B17481)**
Pontiac Correctional Center
Inmate Mail/Parcels
P.O. Box 99
Pontiac, IL 61764

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/ Anthony D. Schuering